IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SEVIER COUNTY BANK, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO CURE FOR LACK OF JURISDICTION UNDER 28 U.S.C. § 1631 <br><br><br> Case No. 2:10-CV-841 TS |

Before the Court is Plaintiff's Motion to Cure for Lack of Jurisdiction pursuant to 28 U.S.C. § 1631.[1] Previously in this matter, on motion by Defendant, the Court ordered that this case be dismissed for want of personal jurisdiction.[2] Following the Court's Order, Plaintiff filed the present Motion requesting the Court transfer this action to the Federal District Court for the

---

[1] Docket No. 24.

[2] Docket No. 23.

1

Eastern District of Tennessee, Knoxville Division. Plaintiff argues that transfer is appropriate under 28 U.S.C. § 1631.

In opposition, Defendant argues that Plaintiff's Motion should be denied because Plaintiff failed to timely raise the transfer argument in its briefing and, as this Court has ordered this case be dismissed, there is no longer a pending case to transfer. Defendant notes that in defending Defendant's Motion to Dismiss, Plaintiff had two options: (1) argue jurisdiction is appropriate in the present venue, or (2) request a transfer to another venue. Defendant argues that Plaintiff chose the latter and has now waived the former.

The Court agrees. This conclusion is not altered by Plaintiff's assertion that it would have raised this issue at the February 24, 2011 hearing, which was struck by the Court on Februrary 17, 2011 when it issued its Order dismissing the case. As is well settled in the Tenth Circuit, "[i]ssues raised for the first time at oral argument are considered waived."[3]

It is therefore

ORDERED that Plaintiff's Motion to Cure for Lack of Jurisdiction Under 28 U.S.C. § 1631 (Docket No. 24) is DENIED.

DATED  March 15, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] *Fed. Ins. Co. v. Tri-State Ins. Co.*, 157 F.3d 800, 805 (10th Cir. 1998).